OPINION
Appellants Harold Rinehart, D.C. and Harold Rinehart, D.C., Inc. ("Appellant Rinehart") appeal the decision of the Ashland County Court of Common Pleas that granted judgment against Appellee Robert Ross, D.C. ("Appellee Ross") in the amount of $7,950. The following facts give rise to this appeal.
On September 27, 1996, Appellant Rinehart and Appellee Ross entered into a purchase agreement for the sale of appellant's chiropractic practice. Pursuant to the terms of the agreement, Appellee Ross agreed to purchase Appellant Rinehart's practice, including the professional equipment, business equipment and furniture, patient case files and accounts receivable for between $169,000 and $172,000. The purchase agreement required Appellee Ross to make a $25,000 lump sum payment, to Appellant Rinehart, on or before the closing date. Appellee Ross was required to pay the balance of the purchase price in monthly installments as specified under the terms of the purchase agreement.
The purchase agreement also contained a non-competition clause providing as follows: "In connection with the sale by Seller [appellant] to Buyer [appellee] of Seller's practice, Seller agrees that he shall not carry on or engage in a private clinical practice of chiropractic within a 50 mile radius from Loudonville, Ohio, for a period of 5 years after the date of the closing date * * *." The agreement also specified that, of the total purchase price, $75,400 was to be paid to Appellant Rinehart for the non-competition clause.
The purchase agreement further contained a provision for the acceleration of contract payments should Appellee Ross fail to make timely payments as required by the agreement. This provision provides as follows:
 In the event of Buyer's failure to make timely payments as required in 3A and B above, Seller may call all outstanding payments due and payable in full within 90 days thereafter. Seller shall call said payments are due and payable by delivering notice of same, in writing, to Buyer. If the buyer cannot pay the accelerated payments in full in the time provided for herein, then Seller may repossess all patient files for the purpose of resale and recovering and (sic) outstanding balance. Any proceeds from the resale of the patient files that exceed the outstanding balance due from Buyer to Seller shall immediately be delivered to Buyer. If Buyer chooses to only make payments of $3,000.00 for 48 months, interest paid will not be more than $3,000.00 ($1950.24 to Corporation/$1,049.76 to Harold G. Rinehart.
Pursuant to the above terms, Appellee Ross made a down payment of $25,000 in September 1996. Appellee Ross also made additional payments, to Appellant Rinehart, totaling $32,750. However, after Appellee Ross paid a total of $57,750, he ceased making payments in the fall of 1997 due to financial difficulties. Thereafter, Appellant Rinehart, in a letter dated October 21, 1997, requested the balance of the purchase agreement due as of October 16, 1997. Appellee Ross responded, by letter, and indicated that following a discussion with his attorney, it was his understanding that in the event of default, he was obligated to return the original patient files for purpose of resale or returning to practice and that all else was open to negotiation.
On March 19, 1998, Appellant Rinehart filed a complaint for breach of contract. Appellee Ross filed an answer and counterclaim on April 17, 1998. In his counterclaim, appellee alleged that Appellant Rinehart breached the non-competition clause by engaging in a private chiropractic practice within a fifty mile radius from Loudonville, Ohio, less than three years after the parties entered into the purchase agreement.
On October 20, 1998, with leave of court, Appellee Ross filed an amended counterclaim in which he claimed that Appellant Rinehart's claim for money damages was barred by the doctrine of mutual mistake and that therefore, the parties' purchase agreement should be rescinded or modified. Appellee Ross also alleged that Appellant Rinehart fraudulently misrepresented the income and net worth of the chiropractic practice during the parties' negotiations.
The trial court conducted a bench trial on April 30, 1999. The trial court filed a judgment entry on June 1, 1999, and found that the parties were mutually mistaken as to the terms of the purchase agreement and that neither party contemplated the remedy of acceleration by appellant. Based upon this conclusion, the trial court ordered that the contract between the parties be reformed as follows:
 1) Buyer forfeits all payments made to date ($57,750);
 2) Seller is restored to his prior right to carry on a chiropractic practice anywhere, without any geographic limitation;
 3) Seller is entitled to the return of his patient list (the evidence of which showed this had already occurred);
 4) Seller is further entitled to the return of the furniture, fixtures, equipment, and all other items included in Exhibit A attached to the Purchase Agreement.
 5) The evidence indicates that the items set forth in subparagraph 4) above have been refinanced by the Buyer and are subject to a blanket lien accordingly;
 6) The Court finding this course of action by the Buyer to have been undertaken in good faith, and the Court further finding that no evidence of the value of these items having been presented by either party, the Court therefore provides that this issue shall be resolved by Buyer selecting his option of:
 a) Causing liens to be removed and delivering same to Seller, or;
 b) Seller/Buyer to agree to a value; or if they cannot, then;
 c) An arbitrator/appraiser shall be selected which is agreeable to both parties, to determine in binding fashion, a figure representing the present value of such items. Costs of this procedure to be split equally.
 d) This entire process to be completed within sixty (60) days of this Decision being filed.
The trial court also dismissed appellee's counterclaim since it found insufficient evidence of fraud by appellant. Appellant appealed the trial court's decision. On August 4, 2000, we issued a decision remanding this matter to the trial court for the court to determine the amount Appellant Rinehart was entitled to under the doctrine of quantum meruit. Specifically, we instructed the trial court to determine the benefit Appellee Ross received by not returning the chiropractic business for approximately twenty months until being ordered to do so by the trial court. Rinehart, et al. v. Ross (Aug. 4, 2000), Ashland App. No. 99-COA-1306, unreported, at 17.
Upon remand, the trial court requested proposed judgment entries from both parties. On August 31, 2000, the trial court issued a judgment entry finding that the portion of the $3,000 monthly payment attributed to the non-competition clause was $1,050 and that the only benefit Appellee Ross received from October 1997 until June 1999 was $1,050 for the first three months that Appellant Rinehart did not practice chiropractic medicine. The trial court also assigned a $4,800 value to the furniture, furnishings, equipment, leases, inventory, accounts receivable, records, files, client lists, work papers and other tangible assets.[1]
Appellant Rinehart timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHEN IT FOUND THAT THE DEFENDANT-APPELLEE HAD RECEIVED NO BENEFIT FROM REFUSING TO RETURN THE PLAINTIFF-APPELLANT'S CHIROPRACTIC BUSINESS FROM JANUARY 1998 UNTIL JUNE 1, 1999.
 I
In his sole assignment of error, Appellant Rinehart contends the trial court's decision is against the manifest weight of the evidence as it pertains to the finding that Appellee Ross received no benefit from refusing to return the chiropractic business from January 1998 until June 1999. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based upon this standard that we review Appellant Rinehart's sole assignment of error.
Appellant Rinehart argues, in support of his sole assignment of error, that twenty months passed from the time Appellee Ross stopped making payments until the trial court ordered the return of the chiropractic business to him. Appellant contends the trial court should have found that he is entitled to $1,950 per month, the purchase price of the practice for twenty months, as well as $1,050 per month, for the non-competition clause. Thus, appellant maintains the trial court should have awarded him a total of $42,150 upon remand.
Appellant Rinehart claims he is entitled to this amount of compensation because the evidence established that when he re-opened a chiropractic business, to support himself after Appellee Ross stopped making payments, Appellee Ross saw no decrease in the number of patient visits. Appellant Rinehart further claims that during the months he returned to work, Appellee Ross actually had an increase in the number of patients that he treated. In response, Appellee Ross argues that Appellant Rinehart provided no evidence as to the value of the benefit conferred upon him for which appellant had not been compensated.
Based upon our review of the record, we conclude the trial court's decision is not against the manifest weight of the evidence. As noted in our previous opinion, "[q]uantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of the benefit conferred."Rinehart, supra, at 16, citing Aultman Hosp. Assn. v. Comm. Mut. Ins.Co. (1989), 46 Ohio St.3d 51, 55. In the case sub judice, there was no evidence presented, as to the reasonable value of the benefit conferred upon Appellee Ross, for the period October 1997 through June 1999.
However, the purchase agreement does indicate that the value of the non-competition clause is $1,050 per month. Further, Appellant Rinehart testified, at trial, that after he waited ninety days for Appellee Ross to pay the balance owing under the acceleration clause, which he never did, appellant opened a chiropractic practice, in Mansfield, placed ads in local newspapers and began treating patients. Tr. at 64-65. The above evidence supports the trial court's conclusion that Appellant Rinehart was only entitled to $3,150, which represents the value of the non-competition clause, $1,050, over the three month period during which Appellant Rinehart did not compete against Appellee Ross.
Accordingly, Appellant Rinehart's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
[1] Appellant Rinehart does not challenge this finding on appeal.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.